John J. Leo Informal Opinion Town Attorney No. 2005-18 Town of Huntington 100 Main Street Huntington, New York 11743-6991
Dear Mr. Leo:
You have advised that the Town has adopted a local law establishing penalties for violations of the Town's zoning regulations that vary from the penalties set forth in Town Law § 268, which authorizes town boards to enforce local zoning and planning regulations. Whereas the state law provides that violations of local zoning laws are punishable by a fine or imprisonment for a period not to exceed six months or both, under your local law first and second zoning offenses are punishable by a fine only, and only upon conviction of a third or subsequent offense during a five-year period is a violator subject to possible incarceration. You have asked whether the town has authority to adopt this local law. We conclude that the Town may exercise its supersession authority to adopt such a law.
STATUTORY BACKGROUND
Town Law § 268 authorizes the town board to provide for enforcement of local laws, ordinances and regulations governing zoning and planning. With respect to penalties, the statute provides:
 A violation of this article or of such local law, ordinance or regulation is hereby declared to be an offense, punishable by a fine not exceeding three hundred fifty dollars [$350] or imprisonment for a period not to exceed six months, or both for conviction of a first offense . . . .
 However, for the purpose of conferring jurisdiction upon courts and judicial officers generally, violations of this article or of such local law, ordinance or regulation shall be deemed misdemeanors and for such purpose only all provisions of law relating to misdemeanors shall apply to such violations.
Town Law § 268(1).[1] Section 135(1) of the Town Law, which addresses enforcement of town ordinances generally, similarly provides that violations of a town zoning ordinance "shall be deemed misdemeanors" for jurisdictional purposes.
The Town of Huntington has adopted a local law providing that a violation of the town's zoning code is punishable by a fine of $500 to $5,000 for a first offense and by a fine of $1,000 to $10,000 for a second offense committed within a five — year period. The local law further provides that a violation of a third or subsequent zoning offense within the five year period constitutes a misdemeanor punishable by a fine of $1,500 to $15,000 or imprisonment not to exceed six months or both. Thus, the penalties for zoning violations provided for in your local law vary from those set forth in Town Law § 268 in two respects: the local law provides for higher potential fines but eliminates the possibility of incarceration for first and second offenses. As you are aware, we have previously concluded that a town may supersede Town Law § 268 to establish higher fines than those set forth in the state law. See Op. Att'y Gen. (Inf.) No. 84-32. Your question is whether the Town likewise has authority to establish penalties for violations of its zoning code that consist of a fine only, without the possibility of incarceration.
ANALYSIS
Generally, a town's local laws must be consistent with general state laws, i.e., state laws that in terms and effect apply alike to all towns. A limited exception to this principle exists, however, for local laws enacted pursuant to a town's supersession authority. Under Municipal Home Rule Law § 10(1)(ii)(d)(3), a town may amend or supersede, in its local application, any provision of the Town Law relating to its property, affairs or government, or to other matters as to which it is authorized to adopt local laws, unless the Legislature has prohibited the adoption of the proposed local law.[2] Thus, when a town exercises its supersession authority, the local law need not be consistent with the provisions of the Town Law.
It is well-settled that a town generally may supersede provisions of the Town Law relating to zoning. See Kahmi v. Townof Yorktown, 74 N.Y.2d 423, 432-33 (1989); Cohen v. Board ofAppeals of Village of Saddle Rock, 100 N.Y.2d 395, 400 (2003) (village supersession authority). Indeed, as noted, we have previously concluded that a town may supersede section 268(1) of the Town Law to increase the fines for local zoning regulations. See Op. Att'y Gen. (Inf.) No. 84-32. Your question is whether a town may similarly supersede section 268(1) to establish penalties for zoning violations that consist of a fine only, without the possibility of incarceration. This inquiry does not focus on whether the local law is consistent with state law, since inconsistency with state law is the purpose of exercising supersession authority. Rather, the relevant inquiry is whether the Legislature has expressly prohibited supersession, or whether the subject matter is otherwise preempted by state law. See Cohen, 100 N.Y.2d at 400; Kahmi v. Town of Yorktown,74 N.Y.2d at 430.
Neither section 268 nor section 135 of the Town Law expressly prohibit a town from enacting a local law altering the penalties for local zoning violations. Thus, the primary issue here is whether the Legislature has otherwise evinced an intent to preempt such local regulation. "The Legislature may expressly state its intent to preempt, or that intent may be implied from the nature of the subject matter being regulated as well as the scope and purpose of the State legislative scheme, including the need for state-wide uniformity in a particular area." Cohen,100 N.Y.2d at 400.
Under Town Law § 268, a violation of a local zoning code is declared to be an offense, punishable by a fine or a term of imprisonment of up to six months. In terms of the possible sentence, local zoning code violations are misdemeanors under this state law. See Penal Law § 10.00(4) (defining misdemeanor as an offense for which a term of imprisonment in excess of 15 days, but no more than one year may be imposed). But, as noted, section 268 continues: "However, for the purpose of conferring jurisdiction upon courts and judicial officers generally, violations of this article or of such local law, ordinance or regulation [adopted pursuant to Town Law, article 16] shall be deemed misdemeanors and for such purpose only all provisions of law relating to misdemeanors shall apply to such violations." Town Law § 268(1); see also Town Law § 135 (same, violations of zoning ordinances).
You have expressed concern that sections 135 and 268 may preempt your local law because zoning offenses are "deemed misdemeanors" for jurisdictional purposes under these provisions and have penalties that correspond to misdemeanor-level crimes, while under the town's local law, first and second zoning offenses are violations, which are less serious offenses.
The distinction between a violation and misdemeanor is significant for a number of purposes. First, a misdemeanor is defined as a "crime," while a violation is deemed a petty or non — criminal offense. See Criminal Procedure Law § 1.20(39) (petty offense means a traffic infraction or violation); Penal Law § 10.00(6) (crime means a misdemeanor or felony). Additionally, the classification of an offense determines the applicable sentence. Local governments are bound by the provisions of the Penal Law governing the classification and designation of offenses in determining the appropriate punishment for local offenses. See, e.g., Op. Att'y Gen. (Inf.) No. 93-14; Op. Att'y Gen. (Inf.) No. 88-30. Thus, in designating a violation of local zoning laws as a violation, a municipality is bound by the provisions of the Penal Law governing violations.[3] Under state law, a violation is punishable by a term of imprisonment of up to 15 days or a fine (in an amount set forth in the local law defining the offense), or both. See Penal Law §§ 10.00(3),80.05(4). A misdemeanor is an offense (other than a traffic infraction) for which a term of imprisonment in excess of 15 days, but no more than one year may be imposed. See Penal Law §§ 10.00(4), 55.10(2), 70.15(1)-(3). The fines that may be imposed for misdemeanor offenses under state law vary depending on whether the offense is designated a class A, class B or unclassified misdemeanor. See Penal Law § 80.05(1)-(3).
In addition to determining the appropriate punishment, the designation of an offense as a violation or misdemeanor is significant for a number of procedural purposes, including the jurisdiction of the courts, compare Criminal Procedure Law § 10.30 (local criminal courts have exclusive jurisdiction of petty offenses except in limited circumstances) with id.
§ 10.20(1)(b), (c) (superior courts have concurrent jurisdiction with local criminal courts over misdemeanors, but have jurisdiction over petty offenses only when charged in an indictment that also charges a misdemeanor or felony), and the statutory right to a jury trial, see Criminal Procedure Law § 340.40(1),(2) (trial of an information in a local criminal court is a non-jury trial, except where information charges a misdemeanor). Prior to 1958, local zoning violations were declared to be misdemeanors by Town Law § 268. Although the potential sentence of up to six months imprisonment was retained, section 268 was amended in 1958 to declare local zoning violations to be "offenses" rather than misdemeanors, and language was added deeming the offenses to be misdemeanors for purposes of the jurisdiction of the courts.[4] See Law 1958, ch. 606, § 2. Under the current Penal Law, an offense is defined as "conduct for which a sentence to a term of imprisonment or to a fine is provided by any . . . law, local law or ordinance of a political subdivision of this state," Penal Law § 10.00(1), and thus includes felonies, misdemeanors and violations. Traditionally, the term "offense" has also been used to connote non-criminal or petty offenses, i.e., violations and traffic infractions.
The legislative history indicates that the purpose of the amendment was to eliminate the stigma of a criminal conviction for local zoning offenses that were declared under state law to be misdemeanors. The designation of zoning offenses as crimes was viewed as inhibiting their enforcement, and the Legislature also sought to treat zoning violations similarly to building code violations, which previously had been reduced to non-criminal offenses from misdemeanors. See, e.g., Letter of Senator Barrett (Feb. 10, 1958), reprinted in Bill Jacket to ch. 606 (1958), at 8 ("The purpose of the [proposed amendment] is quite obvious. We are and I think we should be most reluctant to characterize an otherwise perfectly fine and law abiding citizen as a criminal for some relatively minor violation of a town zoning ordinance. The bill is intended to bring the law into conformity with the present provisions of the Town Law having to do with violations of the building code."); Memorandum of Dept. of Audit and Control (March 17, 1958), reprinted in Bill Jacket to ch. 606 (1958), at 24 ("prosecutions for zoning violations are made more difficult because town boards and juries hesitate to have violators branded as misdemeanants").
Neither the language of the statutes nor the legislative history of these provisions indicate that the Legislature was prompted by a desire for state-wide uniformity when it included a possible term of imprisonment for local zoning violations under Town Law § 268. Nor do we perceive any evidence that the Legislature intended to occupy the field. Of course, inasmuch as towns were not granted supersession authority until 1978, the Legislature could not have considered the effect of supersession when it enacted the amendments to Town Law §§ 135 and 268 in 1958. However, we find it significant that the legislative history of section 268 does not emphasize the need for a potential sentence of imprisonment. Further, we note that the Legislature could have subsequently amended sections 135 and 268 to expressly prohibit supersession of these provisions, and has not done so. For all of these reasons, we conclude that sections 135 and 268 of the Town Law do not impliedly preempt a town from exercising its supersession authority to adopt a local law providing that violations of local zoning offenses are punishable by fines only. Cf. Cohen v. Board of Appeals of Village ofSaddle Rock, 100 N.Y.2d at 402 (concluding that a village may not supersede provisions of the Village Law establishing standards for area variance review where the Legislature intended to occupy the field and establish uniform standards).
Moreover, although your local law is clearly inconsistent with the terms of section 268 because it eliminates the possibility of incarceration for a first or second zoning offense, it is consistent with the state statute's purpose. That is, because your local law provides for penalties consisting of a fine only for first and second offenses and thus establishes these offenses as violations, the local law, like section 268, does not subject a violator to the stigma associated with the conviction for a misdemeanor crime. Because we perceive no legislative intent to preempt local laws that reduce zoning offenses to violations, we conclude that your local law is not preempted.
Finally, although it is well-settled that the enforcement of zoning violations falls within the town's grant of home rule powers, we address whether the amendment of section 268 by your local law is prohibited by the rule that a municipality lacks home rule power to supersede a state statute that "applies to or affects the courts as required or provided by article six of the constitution." See Municipal Home Rule Law § 11(1)(e). We have previously interpreted this provision as precluding local laws that govern the qualifications of municipal court judges, see Op. Att'y Gen. (Inf.) No. 2002-6, or remove certain categories of offenses from the jurisdiction of the courts, see Op. Att'y Gen. (Inf.) No. 2003-18 (town lacks authority to establish administrative tribunal for building code violations); Op. Att'y Gen. (Inf.) No. 94-43 (same, county electrical code).
The purpose and effect of the "deemed misdemeanor" language of sections 135 and 268 is to preserve the authority of the superior courts to adjudicate zoning code violations that are otherwise defined as "non-criminal" under these laws.[5] Because your local law reduces the zoning offense to a violation (as determined by the applicable sentence and as designated in the local law), it could be interpreted as superseding the "deemed misdemeanor" language of Town Law § 268. That is, the local law might by interpreted as designating local zoning violations as "violations" for all purposes, including the jurisdiction of the courts. See Penal Law § 10.20(1)(b),(c) (superior courts have trial jurisdiction over misdemeanors concurrent with that of the local criminal courts, but have jurisdiction over violations only when charged in an indictment that also charges a misdemeanor or felony). Interpreted in this manner,[6] the local law could be found to indirectly affect the courts within the purview of this prohibition. However, it seems likely that violations of local zoning regulations were deemed misdemeanors for jurisdictional purposes under the state laws because the potential sentences under state law were those applicable to misdemeanors. Where a local law reduces the sentence to that applicable to violations, the apparent rationale for preserving the superior court's concurrent jurisdiction over these offenses — and one that is not contradicted by section 268's legislative history — no longer exists. Thus, although the legislative history does not specifically address this point[7] and the issue is thus not entirely free from doubt, on balance we believe that the elimination of superior court jurisdiction corresponding to a reduction in the possible sentence would most likely not be considered a prohibited local law affecting the courts within the meaning of Municipal Home Rule Law § 11(1)(e). Central to our conclusion is the absence of any evidence that the Legislature intended the superior courts to retain jurisdiction over zoning code violations that are not misdemeanors in either name or effect.
CONCLUSION
For the reasons discussed above, we believe a town may exercise its supersession authority to adopt a local law eliminating the possibility of incarceration upon conviction of a local zoning code violation.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
LAURA ETLINGER, Assistant Solicitor General
In Charge of Opinions
[1] For subsequent violations within a five-year period, the amount of a potential fine increases (from $350 to $700 for a second offense and from $700 to $1,000 for third and subsequent offenses), but the potential period of incarceration remains the same. See Town Law § 268(1).
[2] The statute excepts certain enumerated subjects from a town's supersession authority unless another state statute expressly authorizes supersession. See Municipal Home Rule Law § 10(1)(ii)(d)(3) (excepting from the supersession authority local laws relating to improvement districts, areas of taxation, referenda, and town finances); see also id. § 11 (enumerating areas in which local legislative bodies are not deemed authorized to supersede state statutes).
[3] A offense defined outside the Penal Law is deemed a violation if it provides for a sentence to a term of imprisonment of up to 15 days or for a sentence consisting of a fine only.See id. § 55.10(3)(a).
[4] By this same amendment, Town Law § 135 was amended to provide that like violations of town building code ordinances, violations of town zoning ordinances were offenses and deemed misdemeanors for jurisdictional purposes only. See Law 1958, ch. 606, § 1.
[5] The apparent purpose of the deemed misdemeanor language was to continue to allow prosecution of these offenses in the criminal courts as well as before local justices of the peace. See Letter of Professor G. Updike, New York University School of Law (March 18, 1958), reprinted in Bill Jacket to ch. 606 (1958), at 32; Letter of Dept. of Commerce (March 19, 1958), reprinted in
Bill Jacket to ch. 606 (1958), at 35.
[6] The Office of the Attorney General does not interpret or construe local laws, a task best left to local officials familiar with local conditions and the intent of the local legislative body.
[7] The 1958 amendment making local zoning violations misdemeanors for jurisdictional purposes only was modeled after a 1955 amendment to Town Law § 135 addressing the status of town building code violations. In both cases, the original bills amended the statutes only to change the designation of the violations from "misdemeanors" to "offenses," and amended bills were introduced adding the "deemed misdemeanor" language. See
Senate Bill Nos. 295, 4042, Int. 295 (Jan. 8, 1958); Senate Bill Nos. 15, 3901, Int. 15 (Jan. 5, 1955).